## S. P. FRANK, JR., *v.* WM. KING.

**Parties—Effect of Judgment Where One Interested Is Not a Party.**
   An innocent purchaser in the possession of real estate upon which he has made improvements, is not affected by a judgment affecting the ownership, when not a party to the suit.

### APPEAL FROM KENTON CIRCUIT COURT.

January 13, 1877.

OPINION BY JUDGE ELLIOTT:

In 1848 Solomon P. Frank, Sr., purchased of a Mr. Carlton a lot in Covington at the price of two hundred fifty dollars, and executed his two notes for the purchase money on one and two years time for $25.00 each. Shortly after this purchase Frank died, and ad-

ministration having been granted on his estate, his administrator brought suit to settle his estate. During the progress of this suit Carlton filed his petition to be made a party, and being made a party he set up his notes for the purchase money for the lot. The suit to settle the estate was determined by appropriate judgment, and the case remained in court on the cross-action of Carlton.

It appears that the appellant was the only heir at law of Solomon P. Frank, Sr., deceased, and he was brought before the court by summons, and a guardian appointed for him, who, it seems, failed to answer. The land was sold upon a judgment obtained by Carlton, and a Mr. Bush bought it. This sale was confirmed by the court, and a deed regularly made to Bush in 1853. Bush afterwards sold it to Cartwright, and Cartwright sold it to Bird, and Bird sold it to the appellee.

The appellant, at the time of the sale under Carlton's judgment, was an infant of some five years of age. In 1876 or 1871 the appellant appealed from Carlton's judgment, and this court reversed it and sent the case back for further preparation. On the return of the case the court below set aside the sale to Bush, and ordered a restitution of the lot in dispute to appellant. Up to this stage of the proceeding the appellee was not before the court, but upon his petition he was made a party and set up his purchase from Bird, and pleaded that he was an innocent purchaser and has resided and made lasting and valuable improvements on the land, and asked to be quieted in his title.

The proof establishes the facts as we have stated them, viz: that Bush bought at the judicial sale of the lot under Carlton's judgment and sold to Cartwright, that Cartwright sold to Bird, and Bird sold to the appellee, and there is no proof showing that appellee knew of the claim of appellant to the premises. The court below adjudged the land to appellee, and we are of opinion that it decided correctly.

The reversal of the judgment of Carlton v. Frank did not have the effect to set aside the sale to Bush, nor the orders and judgment of the court confirming it and vesting the legal title in Bush by the deed made by the court's commissioner; and the judgment of the court after the return of the case of Carlton v. Frank from this court setting the sale to Bush aside, and ordering restitution of the lot in dispute, was void as to appellee, because he was not before the court and did not know that such a suit was in existence.

Whilst the judgment of the court confirming the sale to Bush and vesting in him the legal title remains unreversed, the legal title

must be considered in the appellee who derives his title from Bush, and as this was the judgment of the court below the same is *affirmed*.

*J. N. Furber, for appellant.   Stevenson & O'Hara, for appellee.*